UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| BANK OF LOUISIANA | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-1228 |
| SUNGARD RECOVERY SERVICES, INC. NOW KNOWN AS SUNGARD AVAILABILITY SERVICES, LP | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that SunGard Availability Services, LP's motion for summary judgment on the claims for attorney's fees, litigation expenses, postjudgment interest and prejudgment interest is **GRANTED**. (Document #45.)

### I. BACKGROUND

Bank of Louisiana sued SunGard Availability Services, LP (SunGard) for breach of contract in assisting in the recovery of the Bank's IT Center in the aftermath of Hurricane Katrina. SunGard filed a counterclaim for failure to pay the balance owed on the 60-month agreement. The court granted SunGard's motion for summary judgment on the Bank's breach-of-contract claim and its counter claim. The United States Court of Appeals for the Fifth Circuit affirmed.

Bank of Louisiana has paid the principal of $80,571.66, but has not paid interest and

litigation expenses. As the prevailing party, SunGard moves for summary judgment on the claim for attorney's fees, costs, and interest of $89,919.35.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### B. Claim for attorney's fees, costs, and prejudgment interest

SunGard argues that the Bank owes $8,767.13 for prejudgment interest, $1,184.42 for post-judgment interest, $73,056.95 for attorney's fees, and $6,910.85 for litigation expenses. The Bank of Louisiana does not challenge the award of $1,184.42 for post-judgment interest.

#### 1. Attorney's fees

As a preliminary matter, Bank of Louisiana argues that attorney's fees and costs are not due because SunGard waived its rights by failing to request attorney's fees and costs in its motion for summary judgment as required by Federal Rule of Civil Procedure 54, which

provides:

> (d) Costs; Attorney's Fees.
>
> (1) **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees-should be allowed to the prevailing party. . . .
>
> (2) **Attorney's Fees.**
>
> (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

"Attorneys fees that are recoverable as an element of damages, such as when sought under the terms of a contract, must be claimed in a pleading." United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 766 n.7 (5th Cir. 1996).

In this case, SunGard's claim for attorney's fees and costs arise out of the contract between the parties. Section D(10) of the contract provides for the recovery of attorney's fees and litigation expenses as follows:

> CONSTRUCTION. THIS AGREEMENT SHALL BE GOVERNED BY SUBSTANTIVE PENNSYLVANIA LAW**.** In any action relating to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and court costs from the other party.

Moreover, Bank of Louisiana was placed on notice of the claim for attorney's fees and costs under the contract because SunGard asserted it in the counterclaim[1] and expressly reserved the

---

[1] Paragraph 8 of the counterclaim provides:

> 8. SunGard seeks the recovery of attorney's fees arising from BOL's breach of the "Recovery Services Agreement," BOL's failure to timely pay the lawful and reasonable invoices of SunGard, and SunGard's defense of the complaint of BOL.

3

claim in the motion for summary judgment.

"The general rule [under Pennsylvania law] is that there is no recovery of attorney's fees from an adverse party in the absence of an express statutory authorization, clear agreement between the parties, or the application of a clear exception." Bayne v. Smith, 965 A.2d 265, 267 (Pa.Super. 2009). When a contract provides for the award of attorney's fees, the court must examine the fees for reasonableness. McMullen v. Kutz, 925 A.2d 832, 835 (Pa.Super. 2007). SunGard is the prevailing party, and the contract provides for reasonable fees and court costs.

SunGard argues that it was very efficient in its defense of Bank of Louisiana's claims: only three depositions were taken, and there were no unnecessary motions. SunGard contends that the case involved the review of voluminous documentary evidence, and SunGard maintained a reasonable posture with respect to settlement. SunGard contends that the fees incurred have been fomented by Bank of Louisiana.

SunGard provides a contemporaneous time report reflecting the dates, time involved, and the nature of services performed. SunGard's attorneys attest to their education, skills, and experience and demonstrate the hourly rates charged in similar cases by local attorneys with similar experience. The attorney's fees documented in this case are $73,056.95, and the litigation expenses are $6,910.85. SunGard paid the attorney's fees and litigation expenses in a timely manner. Bank of Louisiana does not present an analysis of SunGard's calculations, but relies on the court's discretion to determine if the fees are reasonable.

After reviewing the affidavit's of counsel and the contemporaneous time reports, the court concludes that the attorney's fees and litigation expenses are reasonable. There are no

disputed issues of material fact, and the court awards attorney's fees of $73,056.95 and litigation expenses of $6,910.85.

### 2. Prejudgment interest

SunGard contends that prejudgment interest of $8,767.13 is due on thirty monthly invoices for service periods from October 2005 through March 2008.

Under Pennsylvania law, which governs the contract, "the right to interest upon money owing upon contract is a legal right." Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988). "The right to interest begins at the time payment is withheld after it has been the duty of the debtor to make such payment." Id. The Pennsylvania Supreme Court adopted § 337 of the Restatement (Second) of Contracts, which provides in relevant part:

> If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:
>   (a) Where the defendant commits a breach of a contract to pay a definite sum of money . . .

Id.

Bank of America does not challenge the amount of interest claimed by SunGard, but puts forth the same waiver argument it advanced in challenging attorney's fees and costs. As discussed above, the claims are not waived. There are no disputed issues of material fact, and SunGard may recover as damages prejudgment interest in the amount of $8,767.13 for service periods from October 2005 through March 2008 as a matter of law.

### III. CONCLUSION

SunGard's motion for summary judgment is granted. There are no disputed issues of

5

material fact, and SunGard is entitled to an award of $89,919.35 as a matter of law.

New Orleans, Louisiana, this  28th  day of August, 2009.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**